LIZZIE A. FITZGERALD by BURKE L. FITZGERALD, her father and next friend, *vs.* GEORGE DOBSON and another.

Somerset.    Opinion January 4, 1887.

*Trespass. Bite of a dog. Excessive damages. R. S., c. 30, § 1. Evidence.*

Facts stated upon which it was determined by the court that a verdict of $1,450, (which is to be doubled) was not excessive in an action by a young girl, under R. S., c. 30, § 1, against the owner of a dog by which she was bitten.

In such a case it is not error: (1) to exclude a question to a physician "if he thought there would be any difficulty, in the hands of a good physician in having" the plaintiff "walk in a reasonable time;" (2) to admit testimony that the same dog had previously attacked and bitten another girl; (3) to admit the testimony of a physician, of his observation of another case where paralysis resulted from injury; (4) to exclude a hypothetical question on cross-examination of a physician when the facts supposed had not, at that time, appeared in any testimony; (5) to refuse to instruct the jury, "that the plaintiff can not recover damages, except those caused by the bite of a dog, because nothing else is declared on."

ON motion to set aside the verdict and exceptions.

The exceptions, relied upon in argument, were:

(1.)   To the ruling of the presiding justice in excluding the following question to Dr. George W. Martin, a physician, called by the defendant.

Mr. Baker — "The idea I wanted to get at was, if the doctor thought there would be any difficulty, in the hands of a good physician, in having that little child walk within a reasonable time. "

(2.)   To the ruling of the presiding justice, in admitting in evidence, the testimony of a female witness, that she was attacked and bitten by the same dog, before the plaintiff was bitten.

(3.)   To the ruling of the presiding justice in admitting, in evidence, the testimony of a physician called by the plaintiff, relating to a patient he once attended where paralysis resulted from an injury.

(4.)   To the ruling of the presiding justice in excluding the following question put in cross-examination of a physician called by the plaintiff, the facts assumed not having been testified to at the time the question was asked : " If during a simple attack of the measles, the patient should have twice, during the attack, paralysis, loss of control over the left leg, would not that indicate the existence at that time of spinal disease ?"

(5.)   To the refusal of the presiding justice to give the following requested instruction :

"That the plaintiff cannot recover damages here except those caused by the bite of the dog, because nothing else is declared on."

The verdict of the jury for $1450, was for single damages and judgment was to be rendered for double that amount.

On the day before the verdict was rendered the plaintiff filed the following amendment to the writ to which the defendant objected :

"Also for that the said defendants at said Pittsfield on said 25th day of June, 1884, were the keepers of a large English bull dog or mastiff and while the said plaintiff was lawfully traveling in the public street at said Pittsfield on said June 25th 1884, she was suddenly set upon, attacked and assaulted by

said English bull dog or mastiff and violently thrown down, and then and there bitten in the left hip or thigh by said dog, and was then and there greatly excited and frightened by the sudden assault and violence of said dog and was then and there greatly injured thereby; and by reason of said injuries caused by said dog of said defendant's, the plaintiff became lame and disordered and sick, especially in her left leg, and has ever since suffered great pain in said leg and hip, and in other parts of her body; and has become greatly disabled, and unable to walk, and has remained sick, disordered in body and lame and disabled from the time she was so injured by said dog to the present time; and by reason of said injuries is liable to remain sick, disordered and lame during life."

*D. D. Stewart,* for the plaintiff cited: *Com.* v. *Pierce,* 11 Gray, 447; *Thompson* v. *Dudley,* 66 Maine, 515; *Moore* v. *Holland,* 36 Maine, 15; *Dane* v. *Treat,* 35 Maine, 198; *Day* v. *Moore,* 13 Gray, 522; *Erskine* v. *Erskine,* 64 Maine, 214; *Com.* v. *Merriam,* 14 Pick. 518; *Com.* v. *Lahey,* 14 Gray, 91; *Huntsman* v. *Nichols,* 116 Mass. 521; *State* v. *Witham,* 72 Maine, 535; *East Kingston* v. *Towle,* 48 N. H. 57; *Reynolds* v. *Hussey,* 6 East. Rep. 423; Lawson's Ex. & Op. Ev. 129, 130; *Boardman* v. *Woodman,* 47 N. H. 120; *Com.* v. *Rogers,* 7 Met. 504; *Terre Haute R. R. Co.* v. *Buck,* 96 Ind. 346 (49 Am. Rep. 168); *McNamara* v. *Clintonville,* 62 Wis. 207 (51 Am. Rep. 722); *Baltimore R. Co.* v. *Kemp,* 61 Md. 74 (47 Am. Rep. 381, note); *Same* v. *Same,* 61 Md. 619 (48 Am. Rep. 134); *Beauchamp* v. *Saginaw,* 50 Mich. 163 (45 Am. Rep. 30); *Worster* v. *Bridge Co.* 16 Pick. 541; *Shaw* v. *Boston & Worcester R. Co.* 8 Gray, 81.

*Messrs. Baker, Baker and Cornish* (with whom were *J. W. Manson* and *C. A. Farwell*) for defendants.

1. The defendants rely with full confidence on their exception to the exclusion of Dr. Martin's testimony. Mr. Lawson in his recent work on expert evidence, on p. 107, rule 27, states that the opinion of a medical man upon the condition of the human

system, or the likelihood of recovery, is admissible, and on pp. 114 and 115, under D he cites various cases illustrating the point; and such is, undoubtedly, familiar law.

2.   It is submitted that the testimony of Ethel Brackett, that she had been previously bitten by the defendant's dog, was inadmissible.

At common law the action for damages by a dog, is based on the negligence of its owner, and hence cannot be maintained without proof of scienter. *Le Forest* v. *Tolman*, 117 Mass. 109 ; 1 Thompson on Negligence, p. 218, § 32.

And in such an action evidence of a habit of a dog to bite is receivable, as tending to show knowledge on the part of the owner.   But even then we submit the fact sought to be proved must be brought home to the owner's knowledge.   That is the gist and object of the evidence.   *Le Forest* v. *Tolman*, 117 Mass. 110 ; Shearman, and Redfield on Negligence, § § 189, 190, 191, and cases cited in the note.

The evidence if strong enough, is perhaps also admissible at common law to show motive on the part of the defendants and to lay the foundation for punitive damages.

But under our statute the action is not based on negligence, but is arbitrary and in a sense penal, and requires no proof but the fact of defendant's ownership and plaintiff's injury.

Hence in the statutory action no scienter need be approved. *Pressey* v. *Wirth*, 3 Allen, 191 ; 1 Thompson on Negligence, p. 218, § 32 and cases cited in note.

Under such a statute the evidence received is in any view wholly irrelevant and inadmissible and only tends, as here, to prejudice the defendant and unjustly to swell the already penal damages given by the statute.   This has been distinctly passed upon by the Supreme Court of New Hampshire, under a statute substantially the same as ours.   The case is, *East Kingston* v. *Towle*, 48 N. H. 57 ; 2 Am. Rep. 174.   See also *Ogle* v. *Brooks*, 87 Ind. 600, 44 Am. Rep. 778.

In *Whitney* v. *Bayley*, 4 Allen, 173, the court hold that the introduction of immaterial evidence is no ground for a new trial if the jury are instructed to disregard it, and there is no reason

to apprehend that it could have prejudiced the minds of the jurors. See also, *Railroad* v. *Levy*, 59 Texas, 542 (46 Am. Rep. 269).

3. We urge also upon the court's attention the exception to the narration by Dr. Wilbur, the plaintiff's witness, on direct examination, of the symptoms, history, results and assumed causes of a case which occurred in California, from some accident of which the witness had no personal knowledge.

In *Clark* v. *Willett*, 33 Cal. 534, the court held that an expert cannot, on direct examination be questioned as to the facts and history of cases on which he may wholly or partly have formed his opinion.

It is clear that the attempted withdrawal was unavailing for two reasons.

First, that the evidence was not in fact permitted to be withdrawn, nor is it pretended that the jury were instructed to disregard it.     Second, because at the stage of the case the evidence could not legally be withdrawn. *Railroad* v. *Levy*, 59 Texas, 542 (46 Am. Rep. 269).

4. We contend that the question asked by the defendants of Dr. Howe, the plaintiff's attending physician, should have been admitted.     It was a hypothetical question based on an assumed fact not then in evidence, but which was put in evidence by the defendants' witness, Dr. Taylor.

5. We submit that the declaration sets out no injury except from the bite of the dog. Under a declaration somewhat similar, and under practically the same statute, the Supreme Court of Massachusetts sustained the ruling of the court below, that " unless it was proved that the dog bit the plaintiff the action could not be maintained." *Searles* v. *Ladd*, 123 Mass. 580.

WALTON, J.   As the plaintiff, a little girl, nine years of age, was walking quietly along the street, she was suddenly set upon by the defendants' dog, a large English mastiff, and thrown down upon the ground, and bit with such force and violence that the dog's teeth went through her clothing and into her flesh, and inflicted a wound upon her left hip nearly two inches in length

and half an inch or more in depth. For these injuries she has obtained a verdict for $1,450.

The first question is whether this amount is so large as to require the court to set the verdict aside and grant a new trial. We do not think it is. The assault was a severe one. Not only was the plaintiff severely wounded, but she must have been greatly shocked and frightened. And the evidence tends to show that she was taken sick immediately after the assault and confined to her bed for several weeks, and that she has been lame ever since. There is no reason to believe that she is shamming. In fact, we understand it to be conceded that she is now suffering from "hip disease." The defendants contend, and it may be true, that this is the result of hereditary scrofula, and not the bite of the dog. To this, it is replied, that while it may be true that the plaintiff has a naturally weak and delicate constitution, and was for that reason more likely to be seriously affected by wounds and shocks and frights, still, the assault of the dog must have been the direct and proximate cause of much, if not the whole, of her subsequent sufferings and sickness, and that the amount assessed by the jury is by no means excessive. We have read the evidence with care, and in our opinion another trial would be as likely to result in an increase as a diminution of the damages. Certainly the defendants can have no reasonable expectation of reducing the damages enough to cover the costs of another trial. The trial already had lasted eight days, and the expense for counsel and for witnesses, and especially for the medical expert witnesses from a distance, must have been large; and there is no reason to suppose that another trial would occupy less time or be less expensive. A new trial would not therefore be likely to be of any benefit to the defendants. It might result in a serious loss to them. To the plaintiff it would be a great hardship. That she is lame and feeble there can be no doubt. During the trial already had, she was subjected to many painful and indelicate examinations. Her spine was examined by percussion. Her diseased limb was tested by pressure and by bending and flexing the joints. In one instance, in a state of nudity, she was laid upon a board and thus examined. And all

this, not with a view to her medical treatment, but to ascertain the extent of her injuries, and whether or not she was shamming. Surely, to justify granting another trial, and again subjecting this little girl to similar treatment, the court ought to have strong reasons. We find no such reasons in the amount of the verdict.

Nor do we find any thing in the exceptions to justify granting a new trial. All the rulings admitting and excluding evidence, and the instructions to the jury, were, under the circumstances disclosed in the report, so obviously correct, that we do not deem it necessary to discuss them.

> *Motion and exceptions overruled.*
> *Judgment on the verdict.*

PETERS, C. J., DANFORTH, EMERY, FOSTER, and HASKELL, JJ., concurred.